**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 24-4166**

—————————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

WES ALLEN BARRETT,

        Defendant – Appellant.

—————————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:23-cr-00036-GMG-RWT-3)

—————————

Submitted:  March 6, 2025                         Decided:  April 15, 2025

—————————

Before WILKINSON and RUSHING, Circuit Judges, and Jasmine H. YOON, United States District Judge for the Western District of Virginia, sitting by designation.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ON BRIEF:**  Robert C. Stone, Jr., ROBERT C. STONE, JR. PLLC, Martinsburg, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Wheeling, West Virginia, Kyle R. Kane, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wes Barrett appeals his 140-month sentence, imposed for conspiring to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). Barrett pled guilty to that charge based on his involvement in arranging a drug transaction from within a state jail. On appeal, he raises three objections to his sentence. We affirm.

We review a defendant's sentence for procedural and substantive reasonableness, applying a deferential "abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). In evaluating procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, reviewing the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Layton*, 564 F.3d 330, 334 (4th Cir. 2009). If a sentence is free of "significant procedural error," then we review it for substantive reasonableness. *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable," and that presumption "can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

First, Barrett challenges the district court's refusal to reduce his Guidelines offense level based on his purportedly minor role in the drug conspiracy. *See* U.S.S.G. § 3B1.2. The district court found that Barrett was not substantially less culpable than his co-conspirators because he "brokered the deal": he connected the parties, conveyed prices for the drugs, "addressed scheduling conflicts" for the transaction, and followed up to verify

2

the transaction was successful.  J.A. 107–108.  We are satisfied that the district court reached its conclusion based on the whole record and not solely on Barrett's indispensable role in the offense.  *See* U.S.S.G. § 3B1.2 cmt. n.3.  Reviewing for clear error, we find none.  *See United States v. Kellam*, 568 F.3d 125, 147–148 (4th Cir. 2009).

Second, Barrett challenges an increase to his offense level based on the presence of a firearm during the drug transaction.  *See* U.S.S.G. § 2D1.1(b)(1).  After reviewing the evidence, the district court found it was "reasonably foreseeable" to Barrett that one of the co-conspirators would possess a firearm.  J.A. 98.  Having considered Barrett's arguments on appeal, we discern no clear error in the district court's assessment.  *See United States v. Vinson*, 886 F.2d 740, 742 (4th Cir. 1989).

Third, Barrett challenges the substantive reasonableness of his sentence.  Barrett's 140-month sentence is within the advisory Guidelines range, so it is presumptively reasonable.  *United States v. White*, 850 F.3d 667, 674 (4th Cir. 2017).  Barrett has not rebutted that presumption on appeal.  And the district court adequately explained why its chosen sentence, rather than the downward variance Barrett requested, was appropriate based on the totality of the circumstances.  The district court did not abuse its discretion.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3